No. 11-17573

_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

EVA M. FUTCH

Plaintiff-Appellant,

*vs.*

BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.;
MORTGAGE ELECTRONIC SYSTEMS, INC; FEDERAL NATIONAL MORTGAGE
ASSOCIATION

Defendants-Appellees.

_____

APPEAL

from the United States District Court, District of Nevada
THE HONORABLE KENT J. DAWSON, United States District Judge
D.C. No. 2:10-CV-02256-KJD-GWF

_____

**APPELLEES' ANSWERING BRIEF**
_____

DANIEL F. POLSENBERG
J. CHRISTOPHER JORGENSEN
JOEL D. HENRIOD
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Appellees*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Bank of America, N.A., erroneously sued as BAC Home Loans Servicing, LP, ("BANA") is a wholly owned subsidiary of BANA Holding Corp., which is a wholly owned subsidiary of BANA North America Holding Company, which is a wholly owned subsidiary of NB Holdings Corp., which is a wholly owned subsidiary of Bank of America Corporation ("BAC"). BAC is a publicly traded corporation on the New York Stock Exchange which has no parent corporation and no publicly held corporation owns 10% or more of its stock.

ReconTrust Company, N.A. ("ReconTrust"), is a wholly-owned subsidiary of BANA, which, as described above, is an indirect wholly-owned subsidiary of BAC.

Mortgage Electronic Registration Systems, Inc. is a wholly-owned subsidiary of MERSCORP Holdings, Inc. Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal National Mortgage Association ("Fannie Mae") own 10% or more of MERSCORP Holdings, Inc. Neither Freddie Mac nor Fannie Mae have parent corporations, and no publicly held corporation owns 10% or more of either company's stock.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................... iii

JURISDICTIONAL STATEMENT .......................................................1

STATEMENT OF ISSUES PRESENTED ...............................................1

STATEMENT OF THE CASE ...........................................................1

STATEMENT OF THE FACTS..........................................................2

I.      PLAINTIFF EVA FUTCH BORROWED $125,000 AND SECURED THE DEBT
WITH A DEED OF TRUST ................................................................2

II.     BORROWER CEASED MAKING PAYMENTS AND THE TRUSTEE BEGAN
FORECLOSURE PROCEEDINGS ........................................................3

III.    BORROWER FILED THIS LAWSUIT AND THE DISTRICT COURT DISMISSED

THE COMPLAINT .........................................................................3

STANDARD OF REVIEW................................................................4

SUMMARY OF THE ARGUMENT ......................................................4

ARGUMENT ..............................................................................6

I.      BORROWER DID NOT ALLEGE THAT SHE PAID HER MORTGAGE .................6

II.     DEFENDANTS DID NOT HAVE TO DEMONSTRATE PHYSICAL
POSSESSION OF THE ORIGINAL NOTE TO FORECLOSE.................................7

     A.    Nevada's Nonjudicial Foreclosure Statutes Do
Not Require Presentation of the Original Note ..........................................8

     B.    Borrower's Authorities Are Inapposite .....................................................8

     C.    Borrower Will Not Incur Double Liability .................................................9

III.    THE ASSIGNMENT WAS VALID BECAUSE IT WAS
        EXECUTED BY AN AGENT OF THE NOTEHOLDER ...................................... 11

IV.     THE NOTE REMAINED ENFORCEABLE EVEN THOUGH BORROWER ALLEGES
        HER LENDER DID NOT FUND THE LOAN FROM ITS OWN RESERVE .......... 14

V.      THE DEED CANNOT SEPARATE FROM THE CORRESPONDING NOTE .......... 15

    A.    The Foreclosing Party Need Only be the Agent of the Noteholder ........ 15

    B.    The Note and Deed are Inseparable By Operation of Law .................... 16

VI.     BORROWER'S OTHER CLAIMS FAIL BECAUSE THEY ARE BASED
        ON THE FLAWED WRONGFUL FORECLOSURE ACTION ............................... 17

CONCLUSION ........................................................................................ 18

STATEMENT OF RELATED CASES ............................................................ 19

CERTIFICATE OF COMPLIANCE ............................................................... 20

CERTIFICATE OF SERVICE ...................................................................... 21

<u>TABLE OF AUTHORITIES</u>

## Cases

*Bellistri v. Ocwen Loan Servicing, LLC*,
  284 S.W.3d 619 (Mo. Ct. App. 2009)................................................. 17

*Blackford v. Westchester Fire Ins. Co.*,
  101 F. 90 (8th Cir. 1900) ...................................................... 14

*Bridge v. Ames Capital Corp.*,
  2010 WL 3834059 (N.D. Ohio Sept. 29, 2010)................................. 14

*Carpenter v. Longan*,
  83 U.S. (16 Wall.) 271 (1872) ........................................... 6, 16

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011) ................................... passim

*Chase Home Finance LLC v. Fequiere*,
  989 A.2d 606 (Conn. Ct. App. 2010)................................. 16

*Closson v. Recontrust Co.*,
  No. 2:11–CV–00146–KJD–RJJ, 2012 WL 893746 (D. Nev. Mar. 15, 2012) ... 13

*Contreras v. U.S. Bank as Tr. for CSMC Mortg. Backed Pass-through Certificates, Series 2006-5*,
  2009 WL 4827016 (D. Ariz. Dec. 15, 2009) .................................. 13

*Cousins v. Lockyer*,
  568 F.3d 1063 (9th Cir. 2009) ......................................4

*Davis v. US Bank, Na'l Ass'n*,
  No. 56306, 2012 WL 642544 (Table) (Nev. Feb. 24, 2012) ...................... 13

*Debrunner v. Deutsche Bank Nat'l Trust Co.*,
  138 Cal. Rptr. 3d 830 (App. 2012) ......................................7

iii

*Diessner v. Mortgage Elec. Registration Sys.*,
    618 F. Supp. 2d 1184 (D. Ariz. 2009) ................................................7

*Dixon v. Thatcher*,
    742 P.2d 1029 (Nev. 1987) ................................................ 10

*Fontenot v. Wells Fargo Bank, N.A.*,
    129 Cal. Rptr. 3d 467 (App. 2011) ................................................ 14

*Fryzel v. Mortgage Elec. Registration Sys.*,
    No. 10-352M (D.R.I. Jun. 10, 2011)................................................ 14

*Hankins v. Administration of Veterans Affairs*,
    555 P.2d 483 (Nev. 1976) ................................................ 10

*Hogan v. Wash. Mut. Bank, N.A.*,
    2012 WL 1835540 (Ariz. May 18, 2012) ................................................7

*Horvath v. Bank of New York, N.A.*,
    641 F.3d 617 (4th Cir. 2011) ................................................ 16

*In re Mitchell*,
    2009 WL 1044368 (Bankr. D. Nev. Aug. 19, 2008) ................................... 8, 17

*In re Mortgage Electronic Registration Systems (MERS) Litigation*,
    2011 WL 4550189 (D. Ariz. Oct. 3, 2011)................................................ 14

*In re O'Kelley*,
    420 B.R. 18 (D. Haw. 2009) ................................................ 16

*In re Perretta*,
    2011 WL 6305552 (Bankr. D.R.I. Dec. 16, 2011) ................................................ 14

*Kriegel v. Mortg. Electronic*,
    2011 WL 4947398 (R.I. Super. Oct 13, 2011) ................................................ 14

*Labasan v. Countrywide Mortg. Ventures, LLC*,
    No. 2:09–CV–02315–KJD–LRL, 2010 WL 3810008 (D. Nev. Sept. 20, 2010)..9

iv

*Labra v. Cal-Western Reconveyance Corp.*,
    2010 WL 889537 (N.D. Cal. Mar. 11, 2010) ..................................... 13

*Landmark v. Kesler*,
    216 P.3d 158 (Kan. 2009) ....................................................................... 17

*Liu v. T&H Machine, Inc.*,
    191 F.3d 790 (7th Cir. 1999) ................................................................. 13

*Livonia Props. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings*,
    717 F. Supp. 2d 724 (E.D. Mich. 2010)................................................. 14

*McCartney v. GTE Directories Corp.*,
    116 F.3d 1486 (9th Cir. 1997) ............................................................... 17

*Mora v. Countrywide Mortg.*,
    2012 WL 254056 (D. Nev. Jan. 26, 2012)............................................. 13

*Olson v. Iacometti,*
    533 P.2d 1360 (Nev. 1975) ..................................................................... 14

*Pasillas v. HSBC Bank USA*,
    255 P.3d 1281 (Nev. 2011) .......................................................................9

*Peterson v. GMAC Mortg., LLC,*
    2011 WL 5075613 (D. Mass. Oct. 25, 2011) ....................................... 14

*Quarty v. United States*,
    170 F.3d 961 (9th Cir. 1999) ...................................................................7

*Ray v. Deutsche Bank Nat'l Trust*, No. 54626,
    2012 WL 516013 (Table) (Nev. Feb. 15, 2012)....................................7

*Richard v. Deutsche Bank Nat'l Trust Co.*,
    2011 WL 2669084 (D. Or. May 12, 2011) ............................................9

*Rogan v. Bank One*,
    457 F.3d 561 (6th Cir. 2006) ................................................................. 13

*Rowe v. Educ. Credit Mgmt. Corp.*,
   559 F.3d 1028 (9th Cir. 2009) ....................................................4

*Smith v. Cmty. Lending*,
   773 F. Supp. 2d 941 (D. Nev. 2011) ......................................... 12

*Trotter v. Bank of N.Y. Mellon*,
   275 P.3d 857 (Idaho 2012) ........................................................8

*Turner v. Dewco Servs., Inc.*,
   479 P.2d 462 (Nev. 1971) ........................................................ 10

*Urbina v. Homeview Lending, Inc.*,
   681 F. Supp. 2d 1254 (D. Nev. 2009) .................................... 4, 8

*Villa v. Silver State Fin. Servs., Inc.*,
   No. 2011 WL 1979868 (D. Nev. May 20, 2011) ...................... 13

*Volkes v. BAC Home Loans Servicing, LP*,
   2012 WL 642673 (Table) (Nev. Feb. 24, 2012) ...................... 13

*Weingartner v. Chase Home Fin., LLC*,
   702 F. Supp. 2d 1276 (D. Nev. 2010) ..................................... 16

*Wells v. Bank of Nev.*,
   522 P.2d 1014 (Nev. 1974) ...................................................... 14

*Wittrig v. First Nat'l Bank of Nev.*,
   2011 WL 5598321 (D. Nev. Nov. 15, 2011) ........................... 13

*Wolf v. Federal Nat. Mortg. Ass'n*,
   2011 WL 5881764 (W.D. Va. Nov. 23, 2011) ......................... 14

## Statutes

12 U.S.C. § 2605 (c), (f) ......................................................... 11

15 U.S.C. § 226.36 .................................................................. 15

vi

28 U.S.C. §1332 ........................................................................................1

NRS 104.3602(2) ................................................................................... 11

NRS 107.080 ............................................................................... 2, 4, 8, 10

## Other Authorities

Sec. 15, AB 284, 2011 Leg., 76th Sess. (Nev. 2011) ................................8

Sec. 5.95, AB 273, 2011 Leg. 76th Sess. (Nev. 2011) .............................8

## Rules

Rule 12(b)(6) ............................................................................................4

## Treatises

29 WILLISTON ON CONTRACTS §74:50 (4th ed.) ..................................... 14

REST. (THIRD) OF PROPERTY (MORTGAGES) § 5.5, cmt. a (1997) .......................... 11

## JURISDICTIONAL STATEMENT

The district court had diversity jurisdiction pursuant to 28 U.S.C. §1332. The court entered a written order dismissing the complaint on September 29, 2011. (EOR 218.)   *Pro se* appellant Eva Futch timely filed her notice of appeal on October 25, 2011.  (EOR 224.)

## STATEMENT OF ISSUES PRESENTED

1.     Did the district court correctly dismiss borrower's wrongful foreclosure action based on her failure to allege that she paid her mortgage?

2.     Did the district court correctly reject borrower's argument that the foreclosure was wrongful merely because defendants did not prove they possess her original note?

3.     Did the district court correctly reject borrower's argument that a deed cannot be assigned by anyone other than the noteholder itself?

4.     Did the district court correctly conclude that the loan note remained enforceable even though the particular funds for the loan came from a securitized trust, and not from her lender?

5.     Did the district court correctly reject borrower's argument that the note and deed had "separated," rendering the deed unenforceable?

## STATEMENT OF THE CASE

This appeal arises out of an order dismissing borrower's complaint in a wrongful foreclosure action.

<u>S</u><u>TATEMENT OF THE</u> <u>F</u><u>ACTS</u>

**I.    PLAINTIFF EVA FUTCH BORROWED $125,000**
**AND SECURED THE DEBT WITH A DEED OF TRUST**

On May 17, 2007, plaintiff Eva Futch obtained a $125,000 refinance loan on

her property in Las Vegas.  (EOR 7, 9, 103-05.)  The loan was memorialized in a

promissory note and secured by a deed of trust on the property in favor of the

original lender – Nevada Federal Credit Union.  (EOR 9, 103-05, 108-21.)

A deed of trust secured the loan by conveying legal title of the property to

the "trustee" named on the deed of trust.  (EOR 110.)  The trustee is a third party

who has authority to sell the property through a nonjudicial foreclosure upon any

default by the borrower.  NRS 107.080; (EOR 110).  The deed of trust, which Ms.

Futch signed, states the lender may replace the trustee at any time.  (EOR 120.)

The borrower and lender also named defendant Mortgage Electronic

Registration Systems, Inc. ("MERS") as the beneficiary on the deed of trust, to act

as agent for the lender and its assigns.  (EOR 109-10.)  In other words, if the lender

sells the loan, MERS continues to act as beneficiary under the deed, as agent on the

new lender's behalf.  The deed of trust expressly granted MERS legal title to all of

the lender's interests under the deed of trust.  (EOR 110.)

2

## II.    BORROWER CEASED MAKING PAYMENTS AND
## the TRUSTEE BEGAN FORECLOSURE PROCEEDINGS

Borrower does not dispute she stopped making her monthly payments in April 2010.  (EOR 29, 219.)  Thereafter, MERS assigned beneficial interest in the deed of trust to the current holder of the debt, defendant BAC Home Loans Servicing, LP ("BAC").[1]  (EOR 130.)  BAC appointed ReconTrust Company, N.A. as the new trustee, and ReconTrust initiated nonjudicial foreclosure.  (EOR 29, 32, 34, 219.)

## III.    BORROWER FILED THIS LAWSUIT AND THE
## DISTRICT COURT DISMISSED THE COMPLAINT

After the foreclosure procedure began, borrower filed a complaint against BAC, MERS, and ReconTrust, claiming the foreclosure was wrongful and seeking to quiet title.  (EOR 7.)  The district court dismissed the complaint, finding borrower did not plead a plausible action for wrongful foreclosure since she never alleged that she paid her mortgage.  (EOR 218-22.)  The court also rejected various theories proffered by the borrower as to why she should retain the subject property without having to repay the loan.  (EOR 218.)  As all of borrower's claims rested on the underlying contention that foreclosure was wrongful, and the district court found no merit to the wrongful foreclosure claim, the district court dismissed all

---

[1]    BAC Home Loans Servicing, LP was merged into Bank of America, N.A. as of July 1, 2011.  (EOR 228)

3

claims.  (EOR 220-22.)  Borrower never moved to amend.  (EOR 225-29.)  This appeal followed.  (EOR 228.)

### STANDARD OF REVIEW

This Court reviews "*de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss."  *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009).  All questions of statutory interpretation are also reviewed *de novo*.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### SUMMARY OF THE ARGUMENT

*Borrower failed to allege she paid her mortgage.*  Borrower failed to allege a wrongful foreclosure action because she did not allege that she paid her mortgage, which is "the material issue of fact in a wrongful foreclosure claim." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

*Defendants did not have to prove they possess the original note in order to foreclose.*  Borrower claims defendants did not have authority to foreclose because defendants did not prove that they are the holders of her note.  Contrary to borrower's claim, Nevada does not require the lender "to produce the note to the property in order to proceed with a non-judicial foreclosure."  *Urbina v. Homeview Lending Inc.*, 681 F. Supp. 2d 1254, 1258 (D. Nev. 2009); *see* NRS 107.080.

*The assignment of deed is valid because the noteholder's agent executed it.*  Borrower's argument that defendants cannot enforce the deed because the

4

assignment of deed was executed by MERS has recently been rejected by this Court in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011). There, this Court held that unless MERS itself is foreclosing or there is a violation of the foreclosure statute, MERS may act as a beneficiary to the deed. *Id.* at 1044. Here, there is nothing problematic about MERS' role in executing the assignment of deed that enabled foreclosure. Regardless, borrower is not a party to the MERS' assignment to BAC, so she lacks standing to challenge its validity.

*The source of the loan funds is irrelevant to the borrower's obligation to repay the loan.* Borrower contends that her loan transaction was fraudulent, and the debt is therefore unenforceable, because the lender named on her loan note (Nevada Federal Credit Union) was not the actual source of the loan funds, that the money came from a securitized trust. (AOB 11.) This does not void the debt, however, because it does not alter the terms of her loan requiring her to repay the money she was lent. *Cervantes*, 656 F.3d at 1039, 1042.

*The note and deed never separated.* Borrower argues that only someone who holds current assignments of both the note and deed simultaneously can foreclose. She contends that because no person in this case holds both the note and the deed, they are separated, rendering any foreclosure wrongful. (AOB 21.) This Court recently rejected that argument, stating that "[e]ven if we were to accept the plaintiffs' premises that…the note is split from the deed, we would reject the

5

plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." *Cervantes*, 656 F.3d at 1044. Rather, as long as the foreclosing entity is acting as agent on behalf of the holder of the note, the foreclosure is proper. *Id.* Moreover, by operation of law, the note and deed are inseparable because the deed automatically follows any assignment of the note. *Carpenter v. Longan*, 83 U.S. (16 Wall.) 271, 274 (1872) ("The note and mortgage are inseparable…[a]n assignment of the note carries the mortgage with it").

***Borrower's other claims fail.*** Borrower's action for wrongful foreclosure was the basis for the remaining claims for quiet title, civil conspiracy and injunctive relief. As those theories fail as a matter of law, the district court correctly dismissed the entire complaint.

## ARGUMENT

## I.   BORROWER DID NOT ALLEGE THAT SHE PAID HER MORTGAGE

"[T]he material issue of fact in a wrongful foreclosure claim is whether the [borrower] was in default." *Collins*, 662 P.2d at 623; *see also Cervantes*, 656 F.3d at 1043. Here, borrower was in default because she failed to repay her mortgage, a fact she never disputes. (EOR 7-27, 29, 148.) As such, this action fails as a matter of law.

On appeal, borrower claims the district court erred by assuming she defaulted without performing a full accounting of her loan. (AOB 7.) Yet, the district court

6

correctly relied on the fact that borrower never alleged that she paid her mortgage, even in her opposition to the motion to dismiss.  (EOR 148.)  Since borrower continues to omit this necessary allegation, her default remains undisputed.  *Quarty v. United States*, 170 F.3d 961, 973 n.6 (9th Cir. 1999) (finding failure to dispute fact in appellate brief deemed the fact admitted).  For this reason, the district court's decision was correct.

## II.     DEFENDANTS DID NOT HAVE TO DEMONSTRATE PHYSICAL POSSESSION OF THE ORIGINAL NOTE TO FORECLOSE

Borrower argues that the district court erred in dismissing her wrongful foreclosure claim because defendants never proved that they physically possess the original note.  (AOB 5.)  This common foreclosure defense, sometimes referred to as the "show me the note" argument,[2] has been repeatedly rejected by states with nonjudicial foreclosures statutes, such as Nevada.  *See, e.g.*, *Diessner*, 618 F. Supp. 2d at 1187; *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 138 Cal. Rptr. 3d 830, 835 (App. 2012) ("The [nonjudicial foreclosure statute] does not mandate physical possession of the underlying promissory note in order for this initiation of

---

[2]     *See, e.g.*, *Ray v. Deutsche Bank Nat'l Trust*, No. 54626, 2012 WL 516013 (Table), at *1 (Nev. Feb. 15, 2012) (collecting cases); *Hogan v. Wash. Mut. Bank, N.A.*, 2012 WL 1835540, at *1 (Ariz. May 18, 2012) (en banc) ("We hold that Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure"); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (finding courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit").

foreclosure to be valid"); *Trotter v. Bank of N.Y. Mellon*, 275 P.3d 857 (Idaho 2012) (holding nonjudicial foreclosing trustee has no burden to prove its standing to foreclose by proving ownership of the note).

### A.   Nevada's Nonjudicial Foreclosure Statutes Do Not Require Presentation of the Original Note

Nonjudicial foreclosure is governed under NRS 107.080, which does not require presentation of the original note to foreclose. *Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 2d 1254, 1258 (D. Nev. 2009). Although Nevada recently amended its laws to require the foreclosing party to record an affidavit to affirm possession of the note, that amendment was enacted after this foreclosure commenced and it became effective after the district court's decision. (EOR 29); *See* Sec. 15, AB 284, 2011 Leg., 76th Sess. (Nev. 2011) ("This act becomes effective on July 1, 2011"); Sec. 5.95, AB 273, 2011 Leg. 76th Sess. (Nev. 2011) (amending AB 284's effective date to October 2011). That recent change in Nevada law is not applicable in this case.

### B.   Borrower's Authorities Are Inapposite

On appeal, borrower primarily relies on cases that are irrelevant because they do not interpret or apply nonjudicial foreclosure laws. (AOB 12-18.)

The two authorities that do relate to nonjudicial foreclosure law are still distinguishable. (AOB 14, 21.) *In re Mitchell*, 2009 WL 1044368 (Bankr. D. Nev. Aug. 19, 2008), is a bankruptcy case in which the court reasoned that a creditor

8

must prove possession of the original note to demonstrate standing to file a bankruptcy proof of claim.  2009 WL 1044368, at *7.   As several district court judges have noted, *Mitchell* is not applicable to a nonjudicial foreclosure case because the necessity to present the note in *Mitchell* had to do with the particular requirements of bankruptcy law.  *See, e.g.*, *Richard v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 2669084, at *5 (D. Or. May 12, 2011); *Labasan v. Countrywide Mortg. Ventures, LLC*, No. 2:09–CV–02315–KJD–LRL, 2010 WL 3810008, at *2 (D. Nev. Sept. 20, 2010).  The case of *Pasillas v. HSBC Bank USA*, 255 P.3d 1281 (Nev. 2011) is also inapposite, because it stands merely for the proposition that an assignment of deed is invalid where it does not designate any assignee whatsoever. 255 P.3d at 1286 n.9.  In *Pasillas*, the space to designate the assignee on the assignment form was left blank.  *Id.*  Here, the assignment expressly designated BAC as the assignee.  (EOR 130.)  Borrower makes no claims to the contrary. (AOB 16-18.)  Put simply, neither *Mitchell* nor *Pasillas* suggest that these defendants had to prove that they held the note.

### C.    Borrower Will Not Incur Double Liability

Borrower speculates that if defendants do not prove they hold the note and foreclose, she may be subjected to double liability if the "true" noteholder comes forth after foreclosure and demands payment.  (AOB 10.)  This conjecture cannot prevent foreclosure.

9

Nevada requires a borrower to show actual prejudice to warrant foreclosure relief. *Turner v. Dewco Servs., Inc.*, 479 P.2d 462, 464 (Nev. 1971). The case of *Hankins v. Administration of Veterans Affairs*, 555 P.2d 483 (Nev. 1976) is illustrative. There, the foreclosing party publicized the wrong address for the foreclosure sale in violation of NRS 107.080(4). *Id.* at 484. The Nevada Supreme Court, however, refused to void the foreclosure because the borrower failed to show actual prejudice by demonstrating that prospective buyers appeared at the wrong place. *Id.* Similarly, here, borrower failed to show actual prejudice because she alleged no facts to demonstrate the existence of competing claims on the mortgage, or even a plausible scenario in which they might arise. Her claim of a remote, possible harm cannot preclude a lawful foreclosure.

Assuming such circumstances arose, however, borrower would be credited for any amount recovered from the foreclosure because public notice of the foreclosure had been given. (EOR 125, 135.) Any mortgage holder who remained silent through foreclosure would be estopped from claiming that the foreclosure was not authorized. *Cf. Dixon v. Thatcher,* 742 P.2d 1029, 1029 (Nev. 1987) (holding borrower can be credited for mortgage payments given to wrong party because real noteholder did not object for several months).

The notion that a borrower may be at risk of double liability on a mortgage has been "abandoned by all modern model acts that deal with the issue..."

RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.5, cmt. a (1997)  Any

borrower who accidently pays the wrong person because he is not notified when a

note changed hands is credited for payments he has made.  NRS 104.3602(2);

RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.5 (1997) ("performance of

the obligation to the transferor is effective against the transferee if rendered before

the obligor receives notice of the transfer").  Similarly, if the noteholder changes

the servicer (the third party that collects mortgage payments) and the new servicer

fails to notify the borrower, the Real Estate Settlement Protection Act ("RESPA")

protects borrowers from double payment by imputing liability onto the new

servicer.  12 U.S.C. § 2605 (c), (f).[3]  That concept holds as much in the foreclosure

context as in the case of misplaced payments.

Put simply, the chance of someone else foreclosing on the deed is remote.

But even in the unlikely event that it does occur, borrower would not be without a

remedy.

## III.    THE ASSIGNMENT WAS VALID BECAUSE IT WAS EXECUTED BY AN AGENT OF THE NOTEHOLDER

Borrower claims defendants cannot enforce the deed because the assignment

of deed was not executed by the noteholder, but rather by MERS.  (AOB 3, 7.)

Borrower's argument that the assignment was void fails, however, because MERS

---

[3]    Plaintiff neither brought a RESPA claim nor moved to amend to add a RESPA claim.  (EOR 7, 225-29.)

11

acted as the noteholder's *agent*. (EOR 32, 34, 110.)  This Court just recently upheld as proper the involvement and use of MERS in the loan transactions and specifically upheld a foreclosure involving a MERS assignment. *Cervantes*, 656 F.3d at 1040.  In *Cervantes*, as here, MERS acted as beneficiary under the deed and executed an assignment to a third party to allow foreclosure, the borrowers challenged the foreclosure on the basis that MERS was not a true beneficiary and that the participation of MERS in the foreclosure sustained a wrongful foreclosure action.  *Id.* at 1044.  This Court rejected the borrowers' arguments, stating that unless MERS is actually foreclosing (as opposed to the trustee) or the borrower has alleged a violation of foreclosure statutes, the "legality of MERS' role as beneficiary" is simply not an issue.  *Id.*

Here, borrower has not alleged any violation of a foreclosure statute or that MERS itself is foreclosing on the property.  It is undisputed that the trustee, ReconTrust, is the entity foreclosing.  MERS' mere involvement in assigning the deed does nothing to undermine the propriety of this foreclosure.  *Cervantes*, 656 F.3d at 1044.

Moreover, MERS has authority to execute the deed as agent for the noteholder.  In *Smith v. Cmty. Lending*, 773 F. Supp. 2d 941 (D. Nev. 2011), the District Court in Nevada recognized that the language in the standard MERS

12

contract[4] "indicates an intent to give MERS the broadest possible agency on behalf of the owner of the beneficial interest in the underlying debt. Such agency would include the ability to sell the interest in the debt." 773 F. Supp. 2d at 944. In other words, MERS may assign beneficial interest in the deed of trust on behalf of any subsequent noteholder. *Id.* Courts in other nonjudicial-foreclosure jurisdictions agree.[5]

Lastly, borrower lacks standing to challenge the validity of the assignment because she is not a party to the assignment.[6] Only parties to an agreement can

---

[4]    The language examined in *Smith* is identical to that in the deed here. (EOR 110.)

[5]    *Wittrig v. First Nat'l Bank of Nev.*, No. 3:11–cv–00131–ECR–VPC, 2011 WL 5598321, at *5 (D. Nev. Nov. 15, 2011) (Reed, J.); *Villa v. Silver State Fin. Servs., Inc.*, No. 2:10–cv–02024–LDG–LRL, 2011 WL 1979868, at *7 (D. Nev. May 20, 2011) (George, J.); *Closson v. Recontrust Co.*, No. 2:11–CV–00146–KJD–RJJ, 2012 WL 893746, at *4 (D. Nev. Mar. 15, 2012) (Dawson, J.); *Mora v. Countrywide Mortg.*, No. 2:11–cv–00899–GMN–RJJ, 2012 WL 254056, at *4 (D. Nev. Jan. 26, 2012) (Navarro, J.); *Davis v. US Bank, Na'l Ass'n*, No. 56306, 2012 WL 642544 (Table), at *1 n.3 (Nev. Feb. 24, 2012); *Volkes v. BAC Home Loans Servicing, LP*, No. 57304, 2012 WL 642673 (Table), at *1 n.3 (Nev. Feb. 24, 2012); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (MERS has the authority to assign its beneficial interests in the Deed); *Labra v. Cal-Western Reconveyance Corp.*, 2010 WL 889537, at *8 (N.D. Cal. Mar. 11, 2010) (MERS assignee gains same rights as MERS, and since MERS can conduct foreclosure, so can assignee of MERS' beneficial interest); *Contreras v. U.S. Bank as Tr. for CSMC Mortg. Backed Pass-through Certificates, Series 2006-5*, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009) (when MERS assigned its interest, the transferee gained authority to substitute trustee).

[6]    Courts across the country have held that borrower lacks standing to seek invalidation of the assignment of deed. For a sampling of these cases, *see Rogan v. Bank One*, 457 F.3d 561 (6th Cir. 2006) (applying Kentucky law); *Liu v. T&H Machine, Inc.*, 191 F.3d 790, 797 (7th Cir. 1999) (party to underlying contract

challenge its validity.  *Wells v. Bank of Nev.*, 522 P.2d 1014, 1017 (Nev. 1974)

(holding "[c]ontroversies arising under an agreement properly are to be determined

and settled by parties to the agreement or their assigns, that is, by those who have

legal rights or duties thereunder").  Indeed, "it is difficult to conceive how plaintiff

was prejudiced by…[the]…purported assignment" as any "true victim" could only

be "the original lender."  *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d

467, 481 (App. 2011).

## IV.  THE NOTE REMAINED ENFORCEABLE EVEN THOUGH BORROWER ALLEGES HER LENDER DID NOT FUND THE LOAN FROM ITS OWN RESERVE

Borrower claims that the district court erred in dismissing her argument that

the note was defective because the lender named on her loan note was not the actual

---

lacks standing to "attack any problems with the reassignment" of that
contract)(applying Illinois law); *Blackford v. Westchester Fire Ins. Co.*, 101 F. 90,
91 (8th Cir. 1900) (applying laws of various jurisdictions to the Indian Territory);
*In re Mortgage Electronic Registration Systems (MERS) Litigation*, 2011 WL
4550189 (D. Ariz. Oct. 3, 2011); *Peterson v. GMAC Mortg., LLC,* 2011 WL
5075613 (D. Mass. Oct. 25, 2011); *Livonia Props. Holdings, L.L.C. v. 12840-
12976 Farmington Rd. Holdings*, 717 F. Supp. 2d 724, 747 (E.D. Mich. 2010)
(plaintiff borrower did not have standing to dispute the validity of an assignment
between assignor and assignee because plaintiff was a "non party to those
documents"); *Bridge v. Ames Capital Corp.*, 2010 WL 3834059 (N.D. Ohio Sept.
29, 2010); *Fryzel v. Mortgage Elec. Registration Sys.,* No. 10-352M (D.R.I. Jun.
10, 2011); *Wolf v. Federal Nat. Mortg. Ass'n,* 2011 WL 5881764, * 6 (W.D. Va.
Nov. 23, 2011); *Ifert v. Miller*, 138 B.R. 159 (Bankr. E.D. Pa. 1992); *In re
Perretta*, 2011 WL 6305552 (Bankr. D.R.I. Dec. 16, 2011); *Olson v. Iacometti,*
533 P.2d 1360 (Nev. 1975); *Kriegel v. Mortg. Electronic*, 2011 WL 4947398, *1
(R.I. Super. Oct 13, 2011); 29 WILLISTON ON CONTRACTS, §74:50 (4th ed.) ("the
debtor has no legal defense [based on the invalidity of the assignment]).

source of the loan monies.  (AOB 11-12.)  Rather, the proceeds came from a

securitized trust.  (*Id.*)  This Court dismissed an identical theory in *Cervantes v.*

*Countrywide Home Loans, Inc*.  In *Cervantes*, the borrowers claimed their

mortgages were fraudulent because the party named as "beneficiary" on the

mortgage was not the lender who provided the funds.  656 F.3d at 1042.  This Court

rejected the theory because the precise source of the funds posed no injury to the

borrowers.  *Id.*   It had no effect whatsoever on the terms of the loan, the borrowers'

ability to repay the loan, or the obligation to repay it.  *Id.*  The source of the funds is

wholly irrelevant.[7]

**V.     THE DEED CANNOT SEPARATE FROM THE CORRESPONDING NOTE**

Borrower claims the district court erred by failing to recognize that the deed

of trust became unenforceable when it "split" from the note.  (AOB 21.)  In other

words, borrower contends that to foreclose, defendants must have proven that they

held the assignments of both the note and the deed, expressly and simultaneously.

(AOB 21-22.)

### A.     The Foreclosing Party Need Only be the Agent of the Noteholder

This Court rejected that very argument in *Cervantes*, stating that even if one

assumes the note and deed are held by different entities, "we would reject the

---

[7]     A lender's decision not to "provide the funds for the transaction at consummation" out of its own resources does not affect a lender's status as a creditor.  15 U.S.C. § 226.36.

plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose…" *Cervantes*, 656 F.3d at 1044.  As long as the foreclosing party is acting as agent for the noteholder, the foreclosure is valid.  *Id.* at 1044.  Here, the trustee ReconTrust was duly substituted as trustee by the beneficiary under the deed (EOR 132) and borrower has failed to show "any inference that the trustee Recontrust Company lacks the authority to act on behalf of the lender." *Cervantes*, 656 F.3d at 1044.

### B.     The Note and Deed are Inseparable By Operation of Law

Many courts have recognized that a note and deed are legally inseparable because when a note is assigned or transferred the deed automatically follows. *Carpenter v. Longan*, 83 U.S. (16 Wall.) 271, 274 (1872) ("The note and mortgage are inseparable…[a]n assignment of the note carries the mortgage with it"); *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 624 (4th Cir. 2011) ("the deed of trust follows the note").[8]

Borrower's own authorities hold that the note and deed are necessarily inseparable.  (AOB 21.)  For instance, in *Bellistri v. Ocwen Loan Servicing, LLC*,

---

[8]     *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1283 (D. Nev. 2010) (holding "[a] security instrument (e.g., mortgage or deed of trust) follows the debt (e.g., promissory note) . . . "); *In re O'Kelley*, 420 B.R. 18, 26 (D. Haw. 2009) (recognizing that nothing about the role of MERS in the mortgage transaction would prevent it from foreclosing on the borrower's mortgages); *see also Chase Home Finance LLC v. Fequiere*, 989 A.2d 606, 610-11 (Conn. Ct. App. 2010) (applying the principle that the mortgage follows the note, and finding that MERS has the right to foreclose).

the Missouri Appellate court observed that "[e]ffectively, the note and the deed of trust are inseparable…" 284 S.W.3d 619, 623 (Mo. Ct. App. 2009)[9]  Borrower's citation to *Bellistri*'s statement that the mortgage becomes "ineffectual" when split from the note is taken out of context.  *Id.*  The *Bellistri* Court was describing why separating the note from the deed is legally impossible, not why it would be inadvisable.  *Id.*

Borrower's reliance on *In re Mitchell* is similarly misplaced.  (AOB 21.)  In *Mitchell*, the bankruptcy court also was illustrating the legal impossibility of deeming a note and deed to have separated.  2009 WL 1044368, at *4.  When the court was explaining how no one can foreclose if the note and deed are severed, it was explaining the reason behind holding a note and deed necessarily inseparable.  *Id.*  Legally, a deed does not separate from the note.

## VI.    BORROWER'S OTHER CLAIMS FAIL BECAUSE THEY ARE BASED ON THE FLAWED WRONGFUL FORECLOSURE ACTION

Borrower's quiet title, civil conspiracy, and injunctive relief claims are premised on her wrongful foreclosure claim.  (*See* EOR 22-25.)  As the wrongful foreclosure action was meritless, so are these secondary claims.  *McCartney v. GTE Directories Corp.*, 116 F.3d 1486, 1 (9th Cir. 1997) (affirming summary judgment

---

[9]    The Kansas case, *Landmark v. Kesler* which plaintiff also cites for the note-splitting issue, relies entirely on *Bellistri*. 216 P.3d 158, 166–67 (Kan. 2009).

17

in favor of defendant on a claim that was merely "derivative" of primary, rejected legal theory).

## CONCLUSION

For the foregoing reasons, the district court's order dismissing borrower's complaint should be upheld.

DATED this 22nd day of June 2012.

LEWIS AND ROCA LLP


By: s Daniel F. Polsenberg
DANIEL F. POLSENBERG
J. CHRISTOPHER JORGENSEN
JOEL D. HENRIOD
MENG ZHONG
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Appellees*

18

## STATEMENT OF RELATED CASES

The issue in this appeal is "the same or closely related" (9th Cir. Rule 28-2.6(c)) to many other appeals in this Court from the District of Nevada—i.e., whether, in a non-judicial foreclosure jurisdiction, the agent of a note's beneficiary (such as Mortgage Electronic Registration Systems, Inc. ("MERS")) may foreclose on property after a default, even though the loan has been securitized or the foreclosing entity does not present the original copy of the note in the foreclosure proceedings.

Undersigned counsel, in particular, is also involved in the following pending appeals that present this general issue:

*Fidel Pajarillo v. Countrywide*, Case No. 10-17273

*Robinson v. Countrywide*, Case No. 11-17615

DATED this 22nd day of June 2012.

LEWIS AND ROCA LLP

By: /s/   Daniel F. Polsenberg
    DANIEL F. POLSENBERG
    J. CHRISTOPHER JORGENSEN
    JOEL D. HENRIOD
    MENG ZHONG
    3993 Howard Hughes Parkway
    Suite 600
    Las Vegas, Nevada 89169
    (702) 949-8200

    *Attorneys for Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing appellate brief complies with the type-volume limitations as set forth in Rule 32 of the Federal Rules of Appellate Procedure. The brief has been prepared using Times New Roman, 14 pt. and contains a total of 4,324 words proportionally spaced.

DATED this 22nd day of June, 2012.

LEWIS AND ROCA LLP

By: s/ Daniel F. Polsenberg
DANIEL F. POLSENBERG
J. CHRISTOPHER JORGENSEN
JOEL D. HENRIOD
MENG ZHONG
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2012, I electronically filed the foregoing ANSWERING BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Eva M. Futch
1027 S. Rainbow Blvd., #186
Las Vegas, NV 89145
*Appellant in Proper Person*

s/Mary Kay Carlton

21